## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 13-mc-0055 (ADM/JJG) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Charles A. Schons and Teri L. Schons, | |
| Respondents. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the Court on December 11, 2013, for a hearing on the United States of America's Petition for Judicial Approval of Levy Upon Personal Residence (ECF No. 1). The petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends the petition be granted, but that execution of the levy be stayed until November 1, 2014, to allow Respondents Charles and Teri Schons sufficient time to repair and sell their home.

## I.     Background

On May 22, 2006, the Internal Revenue Service (IRS) assessed $110,267.00 against Charles A. and Teri L. Schons ("the Schonses") for unpaid federal income taxes. (Keating Decl. ¶ 5, July 10, 2013, ECF No. 1-1.) A penalty in the amount of $22,053.00 was also assessed, as well as interest in the amount of $16,904.65. (*Id.*) Interest and penalties continue to accrue. (*Id.*) The IRS sent several notices of assessment and demands for payment, but the Schonses did not pay the liability in full. (*Id.* ¶ 6.) As of December 11, 2013, the amount of the Schonses' tax liability stood at $221,140.83. (Gov't Hr'g Ex. 2.)

The Schonses own a primary residence at 2001 Crosby Road in Minnetonka, Minnesota. (Keating Decl. ¶¶ 3, 4.) On December 29, 2006, the IRS filed a notice of federal tax lien in Hennepin County, Minnesota, on the Schonses' property including 2001 Crosby Road. (*Id.* ¶ 8(b).) The Schonses filed for bankruptcy on July 17, 2007, and received a Chapter 7 discharge. (Pet. ¶ 9.) Despite the discharge, the tax lien remains attached to all property owned by the Schonses before the filing date. (*Id.* (citing 11 U.S.C. § 522(c)(2)(B); 26 U.S.C. § 6322; *In re Kane*, 254 F.3d 325, 327 (1st Cir. 2001)).)

The United States sent notices of its intent to levy the 2001 Crosby Road residence to the Schonses on December 21, 2006; May 21, 2010; and May 30, 2012; and advised the Schonses of their right to an administrative hearing. (Keating Decl. ¶ 8(c).) IRS Revenue Agent Brendan Keating thoroughly investigated the property and determined that the Schonses owned enough equity to yield a significant profit if it were sold. (*Id.* ¶ 8(d).) According to Hennepin County tax records, the fair market value of the 2001 Crosby Road property is $298,200.00. (*Id.* ¶ 8(d)(i).) According to the IRS, the reduced, forced-sale value is $178,920.00. (*Id.*) The Schonses own the entire interest in the property subject to a mortgage in favor of Bank of America in the amount of $80,476.25.[1] (*Id.* ¶ 8(d)(ii).) The mortgage lien is superior to the tax lien. (*Id.*) The State of Minnesota also recorded a notice of state tax lien against the property, which is junior to the United States' tax lien. (*Id.* ¶ 8(d)(iii).)

The IRS has attempted to satisfy the Schonses' unpaid tax liability from other assets, but no other reasonable alternative exists. (*Id.* ¶ 9.) Mr. Schons is unemployed, and Mrs. Schons does not earn enough to pay the liability. (*Id.*) The Schonses have no other assets of significant value. (*Id.*)

---

[1] At the time of the hearing, the mortgage value had decreased to $52,455.16.

The Schonses do not deny owing the tax liability or lacking other assets to pay the liability. (Resp'ts' Obj'ns 1-2, Aug. 15, 2013, ECF No. 5.) They explain that their home was seriously damaged by winter ice dams and a windstorm in June 2013 when three massive trees fell on the structure. (*Id.* 2.) The Schonses submitted photos of the extensive damage to the Court at the hearing. (Resp'ts' Hr'g Ex. 1.) Since August 2013, the Schonses have been repairing and reconstructing the home, including installing a new roof, painting, and replacing brick, drywall, carpet, woodwork, and ceilings. (Resp'ts' Obj'ns 2.) The photographs submitted by the Schonses confirmed that construction was underway. The Schonses ask for an opportunity to finish the repairs and put the house on the market themselves. They believe the house, when repaired, may sell for $500,000.00 or more, based on comparable sales they provided to the Court at the hearing (Resp'ts' Hr'g Ex. 3). The Schonses would like to be able to pay the IRS, the State of Minnesota, and Bank of America in full, and they ask for an extension of time until November 20, 2014, before the levy is executed. According to the Schonses' hearing testimony, this amount of time will allow them to finish the repairs, sign a customary six-month listing agreement, sell the home, and complete all the necessary transactions to close the sale.

## II.     Discussion

A taxpayer's principal residence is exempt from an administrative levy of the IRS unless the levy is to satisfy a liability exceeding $5,000.00 and is approved in writing by a United States District Judge or Magistrate Judge. 26 U.S.C. § 6334(a)(13)(B)(i), (e)(1); 26 C.F.R. § 301.6334-1(d). To obtain approval from the Court, the United States must demonstrate "that the underlying liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been met, and no reasonable alternative for collection of the taxpayer's debt exists." 26 C.F.R. § 301.6334-1(d)(1).

The United States has shown—and the Schonses do not dispute—that the underlying tax liability has not been satisfied, that the IRS has met all legal and administrative requirements necessary to levy their personal residence, that no reasonable alternative exists to satisfy the debt, and that the Schonses' liability exceeds $5,000.00.[2] Thus, the Court concludes that the United States has met its burden to levy the Schonses' principal residence.

The Schonses and the United States agree, however, that the interests of all parties would be best-served by the Schonses receiving the most money from the sale of their home. The Schonses have asked for more time to repair and sell their home, and they have demonstrated their willingness and ability to make the necessary repairs and put their home on the market. The United States acknowledges that the structural damage to the Schonses' home was due to an unfortunate and untimely act of God, and the United States is willing on its own, after the levy is approved by the Court, to delay effecting the levy until March 1, 2014, but not until the Schonses' requested date of November 20, 2014. Given the amount of time likely needed to complete the repairs, put the home on the market, find a buyer, and close the sale, the Court finds that November 1, 2014, is a reasonable date to delay execution of the levy. *See United States v. Capri*, Civ. No. 08-469 (JBS), 2008 WL 4792638, at *2 n.1 (D.N.J. Oct. 31, 2008) (staying the execution of a levy for sixty days "to facilitate ongoing efforts for a private sale.").

---

[2] While the Schonses admit to the tax liability, they question some of the interest and penalties assessed for tax year 2003 and ask whether the IRS properly credited money seized from their bank accounts. This proceeding is not the appropriate forum in which to challenge these issues. *See* 26 C.F.R. § 301.6334-1(d)(2). The Court reminds the Schonses, however, of the United States' representation at the hearing that it would be receptive to an offer concerning the amount of penalties and interest.

**III.     Recommendation**

Based on the above considerations, the Court respectfully recommends that the petition be granted but that execution of the levy be stayed until November 1, 2014, or until the residence is sold, whichever occurs first.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. The United States of America's Petition for Judicial Approval of Levy Upon Personal Residence (ECF No. 1) be **GRANTED**;

2. Execution of the levy be stayed until November 1, 2014, or until the residence is sold, whichever occurs first; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  December 20, 2013

                                                 s/ *Jeanne J. Graham*
                                                 JEANNE J. GRAHAM
                                                 United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **January 8, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.